Melody Rodgers
P.O. Box 212
Jacksonville, NC 28540
somu.plow_18@yahoo.com
*Plaintiff in Pro Persona*

```
FILED
CLERK, U.S. DISTRICT COURT
3/19/25
CENTRAL DISTRICT OF CALIFORNIA
BY      MRV      DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY RODGERS,<br><br>    Plaintiff(s),<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA JUDICIAL COUNCIL; MAURICE A. LEITER, in official capacity;<br><br>    Defendant(s). | Court Case No.: 2:25-cv-02455-MRA-PVC<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CHALLENGING THE CONSTITUTIONALITY OF CALIFORNIA'S VEXATIOUS LITIGANT STATUTE (CCP § 391)** |

DATED: MARCH 19, 2025

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**I. INTRODUCTION**

1. PLAINTIFF MELODY RODGERS BRINGS THIS ACTION CHALLENGING THE CONSTITUTIONALITY OF CALIFORNIA'S VEXATIOUS LITIGANT STATUTE (CALIFORNIA CODE OF CIVIL PROCEDURE §§ 391–391.8), WHICH VIOLATES THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. THE STATUTE ARBITRARILY RESTRICTS ACCESS TO THE COURTS, IMPOSES UNDUE FINANCIAL BURDENS ON INDIGENT LITIGANTS, AND IS VAGUELY APPLIED WITHOUT ADEQUATE PROCEDURAL SAFEGUARDS, THEREBY DEPRIVING LITIGANTS OF THEIR FUNDAMENTAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION, AND ACCESS TO THE COURTS.

2. PLAINTIFF SEEKS DECLARATORY AND INJUNCTIVE RELIEF TO PREVENT ENFORCEMENT OF THE VEXATIOUS LITIGANT STATUTE AGAINST PRO SE LITIGANTS AND THOSE EXERCISING THEIR CONSTITUTIONAL RIGHT TO PETITION THE COURTS.

## II. JURISDICTION AND VENUE

3. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1343 (FEDERAL QUESTION AND CIVIL RIGHTS JURISDICTION) BECAUSE THIS ACTION ARISES UNDER THE UNITED STATES CONSTITUTION AND FEDERAL LAW.
4. VENUE IS PROPER IN THIS DISTRICT PURSUANT TO 28 U.S.C. § 1391(B) BECAUSE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED IN THE STATE OF CALIFORNIA, AND DEFENDANTS ARE GOVERNMENT ENTITIES AND OFFICIALS LOCATED WITHIN THIS DISTRICT.

## III. PARTIES

5. PLAINTIFF MELODY RODGERS IS A RESIDENT OF JACKSONVILLE, NORTH CAROLINA AND HAS BEEN DECLARED A "VEXATIOUS LITIGANT" BY THE LOS ANGELES COUNTY SUPERIOR COURT, EFFECTIVELY BARRING PLAINTIFF FROM FILING LAWSUITS WITHOUT PRIOR COURT APPROVAL AND IMPOSING AN EXCESSIVE BOND REQUIREMENT.
6. DEFENDANT STATE OF CALIFORNIA IS RESPONSIBLE FOR THE ENFORCEMENT OF ITS LAWS, INCLUDING THE VEXATIOUS LITIGANT STATUTE.
7. DEFENDANT CALIFORNIA JUDICIAL COUNCIL IS RESPONSIBLE FOR OVERSEEING COURT ADMINISTRATION AND APPROVING PROCEDURES THAT IMPACT LITIGANTS.
8. DEFENDANT MAURICE A. LEITER IS A JUDICIAL OFFICER OF THE LOS ANGELES COUNTY SUPERIOR COURT, NAMED IN HIS/HER OFFICIAL CAPACITY FOR ISSUING ORDERS THAT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS.

## IV. STATEMENT OF FACTS

9. ON JANUARY 17, 2025, PLAINTIFF WAS DECLARED A VEXATIOUS LITIGANT UNDER CAL. CODE CIV. PROC. § 391 ET SEQ., WHICH REQUIRES COURT PERMISSION FOR FILING ANY NEW LAWSUITS AND, IN SOME CASES, IMPOSES EXCESSIVE MONETARY BOND REQUIREMENTS BEFORE A CASE CAN PROCEED.
10. PLAINTIFF DID NOT RECEIVE ADEQUATE NOTICE BEFORE THE HEARING, AS PLAINTIFF DID NOT RECEIVE DEFENDANTS' REPLIES TO PLAINTIFF'S OPPOSITION UNTIL AFTER THE HEARING, DEPRIVING PLAINTIFF OF A MEANINGFUL OPPORTUNITY TO RESPOND.
11. PLAINTIFF HAS BEEN WRONGFULLY DESIGNATED AS A VEXATIOUS LITIGANT, LEADING TO THE IMPOSITION OF A PRE-FILING ORDER AND AN EXCESSIVE BOND REQUIREMENT THAT EFFECTIVELY PREVENTS THEM FROM PURSUING LEGITIMATE CLAIMS.
12. THE BOND REQUIREMENT IMPOSED UPON PLAINTIFF IS EFFECTIVELY IMPOSSIBLE TO SATISFY BECAUSE NO BOND COMPANY WILL ISSUE A BOND TO A LITIGANT LABELED "VEXATIOUS," MAKING THE REQUIREMENT AN UNCONSTITUTIONAL BARRIER TO COURT ACCESS.
13. THE VEXATIOUS LITIGANT STATUTE DISPROPORTIONATELY IMPACTS PRO SE LITIGANTS, LIMITING THEIR FUNDAMENTAL RIGHT TO ACCESS THE COURTS WITHOUT SUFFICIENT PROCEDURAL SAFEGUARDS.
14. THE APPLICATION OF CCP § 391 AGAINST PLAINTIFF WAS ARBITRARY, LACKED DUE PROCESS PROTECTIONS, AND WAS BASED ON FLAWED LEGAL ARGUMENTS THAT PLAINTIFF WAS UNABLE TO REBUT DUE TO PROCEDURAL UNFAIRNESS.
15. PLAINTIFF HAS SUFFERED IRREPARABLE HARM AS A RESULT OF THIS DESIGNATION, INCLUDING THE INABILITY TO ACCESS THE COURTS TO SEEK REDRESS FOR GRIEVANCES.

16. Bond companies refuse to issue bonds to individuals declared vexatious, making compliance impossible and rendering the statute a de facto bar on access to justice for indigent litigants.

## V. LEGAL CLAIMS

### Claim 1: Violation of the Fourteenth Amendment – Due Process

13. Defendants, acting under color of state law, deprived Plaintiff of due process by failing to provide timely and adequate notice before imposing a vexatious litigant designation. (Goldberg v. Kelly, 397 U.S. 254 (1970); Mullane v. Central Hanover Bank, 339 U.S. 306 (1950)).
14. The bond requirement violates due process because it creates an impossible condition, as no bond provider will issue Plaintiff a bond due to the vexatious litigant label, resulting in an absolute deprivation of court access (Bearden v. Georgia, 461 U.S. 660 (1983); Boddie v. Connecticut, 401 U.S. 371 (1971)).
15. The Due Process Clause of the Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law.
16. CCP § 391 fails to provide adequate procedural protections, as vexatious litigant determinations:
17. Are made without a full and fair hearing, often based on flawed legal arguments that litigants may not have an opportunity to rebut.
18. Lack clear, consistent standards, leading to arbitrary and inconsistent application across different courts.
19. Impose financial burdens (bond requirements) without any showing of necessity or fairness, effectively blocking indigent litigants from seeking relief.

### Clam 2 Fourteenth Amendment Violation – Equal Protection Clause

20. The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated individuals be treated equally under the law.
21. CCP § 391 disproportionately impacts indigent litigants and pro se individuals, creating two separate classes of litigants:
22. Wealthy individuals who can afford legal representation and bonds, and
23. Indigent litigants who are effectively barred from accessing the courts due to financial constraints.
24. There is no compelling state interest that justifies treating these groups differently, nor is the statute narrowly tailored to serve a legitimate purpose.
25. The statute is being used in bad faith by defendants in Plaintiff's case, not to prevent meritless litigation but to block Plaintiff from pursuing valid claims.

### Claim 3: Violation of the First and Fourteenth Amendments – Right of Access to Courts

15. The First and Fourteenth Amendments protect an individual's fundamental right to petition the government and access the courts.
16. The bond requirement is an unconstitutional financial barrier because no surety will issue Plaintiff a bond, making it impossible to litigate (Christopher v. Harbury, 536 U.S. 403 (2002); Tennessee v. Lane, 541 U.S. 509 (2004)).

17. The pre-filing requirement acts as a prior restraint, preventing Plaintiff from initiating lawsuits without government approval, violating Ex parte Hull, 312 U.S. 546 (1941).
18. The First Amendment to the United States Constitution guarantees the right to petition the government for redress of grievances, which includes access to the courts.
19. CCP § 391 imposes an unconstitutional restriction on this fundamental right by preventing individuals from filing or maintaining lawsuits without first obtaining court permission and posting a financial bond.
20. The statute targets indigent and self-represented litigants, effectively barring them from accessing the courts solely because of their financial status.
21. A financial precondition to filing a lawsuit is an unconstitutional prior restraint, improperly burdening Plaintiff's ability to seek justice.

### Claim 4: Arbitrary and Overbroad Application of the Vexatious Litigant Statute

18. The vexatious litigant statute is unconstitutionally overbroad because it applies indiscriminately to all lawsuits by Plaintiff, regardless of merit, and lacks narrow tailoring (Cain v. Darby Borough, 7 F.4th 351 (3d Cir. 2021); In re Green, 669 F.2d 779 (D.C. Cir. 1981)).
19. The bond requirement functions as an absolute bar to litigation, violating Plaintiff's fundamental right to seek judicial relief (Perry v. O'Donnell, 759 F.2d 702 (9th Cir. 1985)).

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that Cal. Code Civ. Proc. § 391 et seq. is unconstitutional as applied to Plaintiff and similarly situated pro se litigants.
2. Issue an injunction prohibiting enforcement of the vexatious litigant statute against Plaintiff, including the pre-filing requirement and the bond requirement.
3. Award nominal damages for the deprivation of constitutional rights.
4. Grant any further relief that the Court deems just and proper.

Dated: March 19, 2025

Respectfully submitted,

Melody Rodgers
P.O. Box 212
Jacksvonille, NC 28541
910-446-3920
somu.plow_18@yahoo.com
Plaintiff, In Pro Per

# CERTIFICATE OF FILING AND VERIFICATION OF PLEADING

I, MELODY RODGERS, THE PLAINTIFF IN THE ABOVE-CAPTIONED MATTER, HEREBY CERTIFY AND DECLARE AS FOLLOWS:

**FILING OF PLEADING**

I CERTIFY THAT ON MARCH 19, 2025, I FILED THE **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** WITH THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION.

**SERVICE OF PLEADING**

A TRUE AND CORRECT COPY OF THIS PLEADING HAS BEEN SERVED ON ALL NAMED DEFENDANTS OR THEIR AUTHORIZED REPRESENTATIVES IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

**VERIFICATION OF PLEADING**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE ALLEGATIONS SET FORTH IN THE **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF, EXCEPT FOR THOSE MATTERS STATED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

I CERTIFY THE FOREGOING IS TRUE AND CORRECT.

**DATED: MARCH 19, 2025**

**RESPECTFULLY SUBMITTED,**

*/s/ MELODY RODGERS*

**MELODY RODGERS**

P.O. BOX 212

JACKSVONILLE, NC 28541

SOMU.PLW_18@YAHOO.COM

(910) 446-3920

PLAINTIFF, PRO SE

## CERTIFICATE OF COMPLIANCE

PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 32(G)(1), THE UNDERSIGNED CERTIFIES THAT THIS DOCUMENT COMPLIES WITH THE FORMATTING AND TYPE-VOLUME LIMITATIONS SET FORTH IN FEDERAL RULE OF APPELLATE PROCEDURE 32(A)(7)(B) AND RELEVANT LOCAL COURT RULES.

TYPE-VOLUME COMPLIANCE: THIS DOCUMENT CONTAINS 1286 WORDS, EXCLUDING THE PORTIONS EXEMPTED UNDER FED. R. APP. P. 32(F).

TYPEFACE AND SPACING: THIS DOCUMENT COMPLIES WITH THE TYPEFACE REQUIREMENTS OF FED. R. APP. P. 32(A)(5) AND THE TYPE-STYLE REQUIREMENTS OF FED. R. APP. P. 32(A)(6). IT HAS BEEN PREPARED IN TIMES NEW ROMAN, USING A PROPORTIONAL FONT SIZE OF 12-POINT, AND IS DOUBLE-SPACED WITH ONE-INCH MARGINS.

PAPER FORMAT: THIS DOCUMENT COMPLIES WITH NINTH CIRCUIT RULE 32-2, REQUIRING ELECTRONIC SUBMISSIONS IN PDF FORMAT AND PROPERLY PAGINATED PAPER FILINGS IF NECESSARY.

SOFTWARE USED: THIS DOCUMENT WAS PREPARED USING MICROSOFT WORD TO ENSURE COMPLIANCE WITH FORMATTING RULES.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

**DATED: MARCH 19, 2025**

**RESPECTFULLY SUBMITTED,**

*/S/ MELODY RODGERS*

**MELODY RODGERS**

P.O. BOX 212

JACKSVONILLE, NC 28541

SOMU.PLW_18@YAHOO.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CERTIFICATE OF SERVICE**

I certify that on MARCH 19, 2025 I served a copy of the foregoing, **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**, to Defendant(s) attorneys at the following address(es) as followed:

*SEE ATTACHED SERVICE LIST*

[ x ] by electronic mail service; Pursuant to Code of Civil Procedure, section 1010.6, and per an agreement between the parties to electronically serve documents in this matter, I caused the documents to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable period of time, after the transmission. any electronic message or other indication that transmission was unsuccessful.

[ ] by mail; I caused a true copy of each document, placed in a sealed envelope with postage fully paid to be placed in the United States mail at Jacksonville, North Carolina. I am "readily familiar" with the firm's business practice for collection and processing of mail, that in the ordinary course of business said documents would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

DATED: MARCH 19, 2025


    */s/ Melody Rodgers*

Melody Rodgers
P.O. Box 212
Jacksonville, NC 28540
somu.plow_18@yahoo.com
*Plaintiff in Pro Persona*

# SERVICE LIST

STATE OF CALIFORNIA
Rob Bonta, Attorney General of California
Office of the Attorney General
1300 I Street
Sacramento, CA 95814
Phone: (916) 445-9555

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES
Maurice A Leiter, Judge
Department 54
111 N. Hill Street
Los Angeles, CA 90012

JUDICIAL COUNCIL OF CALIFORNIA
Director Shelly Curran, Director
Attn: General Counsel
455 Golden Gate Avenue
San Francisco, CA 94102-3688
JudicialCouncil@jud.ca.gov
415-865-4200