JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Melody Rodgers, | | CASE NUMBER |
| | | 2:25-cv-02455-MRA-PVC |
| v. | PLAINTIFF(S) | |
| State of California, et al., | | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* (NON-PRISONER CASE) |
| | DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.      ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

   ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
   ☐ The action is frivolous or malicious.
   ☐ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

March 25, 2025
_____
Date

*enforica R. Al*
_____
United States District Judge

On March 19, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff alleges that she was declared a vexatious litigant by the Los Angeles County Superior Court. (ECF No. 1 at 2.) The named Defendants are the State of California, the California Judicial Council, and the Superior Court Judge. (Id. at 2.) Plaintiff claims that the vexatious-litigant statute is unconstitutional and was wrongfully applied to her. (Id. at 3-4.) Plaintiff seeks injunctive relief and damages. (Id. at 4.)

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). For the following reasons, Plaintiff has not met this burden.

First, the Court lacks jurisdiction to hear claims against these Defendants, who are immune under the Eleventh Amendment from suit in federal court. See Allen v. Cooper, 589 U.S. 248, 254 (2020) ("In our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State."); Munoz v. Superior Court of Los Angeles County, 91 F.4th 977, 981 (9th Cir. 2024) ("Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity."); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004) (State of California and California Judicial Council are immune from suit under the Eleventh Amendment), overruled on other ground as recognized by Munoz, 91 F.4th at 981.

Second, the Court lacks jurisdiction, under the Rooker-Feldman doctrine, to review the state court's vexatious litigant order. "The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). In particular, "the Rooker-Feldman doctrine bar[s] [Plaintiff's] action to the extent that [she] challenge[s] the vexatious litigant order and any other state court orders and judgments, because the action is a 'forbidden de facto appeal' of state court judgments, and raises constitutional claims that are 'inextricably intertwined' with those prior state court judgments." Bashkin v. Hickman, 411 F. App'x 998, 999 (9th Cir. 2011); see also Earls v. Greenwood, 816 F. App'x 155, 155-56 (9th Cir. 2020) (same).

Moreover, Plaintiff cannot overcome the Rooker-Feldman bar by arguing she is challenging only the constitutionality of the vexatious-litigant statute itself. To be sure, "[a] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Skinner v. Switzer, 562 U.S. 521, 532 (2011). Here, however, because the gravamen of Plaintiff's claims is the fact-specific application of the statute to her particular case, she has not overcome the Rooker-Feldman bar. See Cooper v. Ramos, 704 F.3d 772, 785 (9th Cir. 2012) (Plaintiff failed to overcome Rooker-Feldman when "the 'construction' of the statute that [Plaintiff] seeks to contest is in actuality only the fact-specific application of the statute to [her] own case"). And even if it assumed, for purposes of argument, that Plaintiff is properly challenging the constitutionality of the vexatious-litigant statute itself, such a challenge would be foreclosed by Ninth Circuit precedent as meritless. See Wolfe v. George, 486 F.3d 1120, 1124-27 (9th Cir. 2007) (holding that California's vexatious-litigant statute does not deny due process, equal protection, or access to the courts, and is not overbroad).

Finally, given these deficiencies, leave to amend it not warranted. Plaintiff cannot overcome Eleventh Amendment immunity or the Rooker-Feldman doctrine through amendment. See Munoz, 91 F.4th at 980 ("[N]o exception applies to the rule prohibiting suits against the state[.]"); Cooper, 704 F.3d at 785 (amendment of claim barred by Rooker- Feldman would be futile). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice for lack of jurisdiction.

*(attach additional pages if necessary)*